UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA A. GLOVER,

    Plaintiff,

v.                                                        Case No. 1:09-cv-520
                                                         Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                      /

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on March 30, 1969 (AR 49).[1] She completed two years of college and had additional training as a surgical technician in 1992 (AR 62). She alleged a disability onset date of November 17, 2005 (AR 49). Plaintiff had previous employment as a cleaner, job coach, laundry assistant, line worker and production worker (AR 58-59). Plaintiff identified her disabling condition as congestive heart failure (AR 57). On September 22, 2008, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 17-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007), citing *Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

3

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 17, 2005 (AR 20). At steps two and three, the ALJ found that plaintiff suffered from unspecified severe impairments which did not meet or equal the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, stating as follows:

> The medical evidence establishes that the claimant can be considered "severely impaired" under the existing law, as set forth above, but that her condition does not precisely meet or equal the requirements of any listed section or sections in Appendix 1 to Subpart P of Regulations No. 4.

(AR 20). The ALJ decided at the fourth step that plaintiff "retained the residual functional capacity to perform the requirements of at least a full range of sedentary work" (AR 19). The ALJ also found that plaintiff was unable to perform the requirements of her past relevant work (AR 20).

At the fifth step, the ALJ determined that plaintiff was not disabled under the medical vocational guidelines (commonly referred to as the "grids") applicable to sedentary work, specifically Rules 201.28 or 201.29 (AR 20).[2] Rule 201.28 refers to a younger individual, age 18 to 44, with education of "high school graduate or more," with previous work experience of "skilled or semiskilled - skills not transferable," resulting in a determination of "not disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1. Rule 201.29 refers to an identical individual who has

---

[2] An ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines. *Siterlet v. Secretary of Health and Human Servs.*, 823 F.2d 918, 922 (6th Cir. 1987). *See Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir. 1988) ("the grids are a shortcut that eliminate the need for calling in vocational experts").

4

previous work experience of "skilled or semiskilled -- skills transferable." *Id.* Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act (AR 20-21).

**III. ANALYSIS**

Plaintiff has raised two issues on appeal.

**A.    Whether the ALJ erred in failing to designate which impairments are considered "severe" in this case.**

The ALJ's decision discussed plaintiff's diagnoses since November 17, 2005 as: non-ischemic cardiomyapthy; congestive heart failure; atypical chest pain; hypertension; non-sustained ventricular tachycardia; new-onset diabetes mellitus; chronic kidney disease/renal failure; and obesity (AR 18). A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The ALJ found that due to these conditions, plaintiff "can be considered 'severely impaired' under the existing law" (AR 19). Plaintiff objects to the decision because the ALJ failed to designate which of plaintiff's conditions were considered to be "severe impairments."

The ability to do basic work activities is defined in § 404.1521(b) as "the abilities and aptitudes necessary to do most jobs." The severe impairment standard is used an "administrative convenience to screen out claims that are totally groundless solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988). The ALJ's procedure did not constitute error. Upon determining that a claimant established at least one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* An ALJ can consider such

non-severe conditions in determining the claimant's residual functional capacity. *Id.* Here, the ALJ found that plaintiff suffered from "severe impairments" at step two of the sequential evaluation and proceeded to consider her disability claim through step five of the evaluation. The ALJ's failure to specifically identify certain conditions as severe impairments at step two of the sequential evaluation did not deprive plaintiff of a review of her claims through the remaining steps of the evaluation.

Even if the ALJ's decision was considered deficient for failing to explicitly set forth the severe impairments, this error was harmless. Plaintiff has not demonstrated any harm resulting from the ALJ's failure to identify a specific ailment as a severe impairment. The ALJ properly utilized the five step evaluation to review plaintiff's claim. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). "When 'remand would be an idle and useless formality,' courts are not required 'to convert judicial review of agency action into a ping-pong game.'" *Kobetic v. Commissioner of Social Security*, 114 Fed. Appx. 171, 173 (6th Cir. 2004), *quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969).

**B.     Whether the ALJ erred in failing to attribute due weight to the findings and opinions of a medical expert.**

Plaintiff contends that the ALJ should have considered a document from plaintiff's physician, Barbara D. Saxena, M.D., sent to plaintiff's attorney in response to the ALJ's decision denying benefits. By way of background, Dr. Saxena issued letter dated July 8, 2008, in which she stated that plaintiff was diagnosed in November 2005 with severe congestive heart failure (CHF) and cardiomyopathy; that her heart ejection fraction was only 10%; that this left her "very short of breath and weak with activity;" that with medication she improved to a normal ejection fraction of

6

55%; that the side effect of the medication left her hypotensive which makes her tired and sluggish; and that both Dr. Saxena and plaintiff's cardiologist (Dr. Aj Shah) agreed that plaintiff cannot return to work currently, but with medication titration she should be able to return to a sedentary job, "at least part time" in about six months (AR 226).

In his decision, the ALJ described Dr.Saxena's assessment as precautionary and based largely on plaintiff's own report, i.e., a May 8, 2008 progress note in which that plaintiff reported that she "doesn't feel she can do [a] sitting job" (AR 18). Approximately two months after the ALJ's decision, plaintiff visited Dr. Saxena (AR 292). In progress notes dated December 18, 2008, Dr. Saxena stated that the ALJ's evaluation of her opinion "were in part misunderstood," that she was preparing the notes pursuant to plaintiff's request to clarify her statements, and that plaintiff requested that the notes be sent to her attorney (AR 292). In the December 2008 progress notes, Dr. Saxena disagreed with the ALJ's opinion and explained her position as follows:

> The patient's severe congestive heart failure from her cardiomyopathy was significantly improved with medications, from an ejection fraction of 10% to 55%. However, the side effect of these medications was hypertension. Her BP was running 84/54. I said she was sluggish and tired at this point. The Judge implied this was a subjective observation. I disagree with his interpretation. A certain blood pressure is required to adequately perfuse the brain. Otherwise, it is a proven fact that people will have symptoms of fatigue, difficulty concentrating and focusing, and lightheadedness. I have seen a multitude of people over the years with the same symptoms at these low blood pressure values. Cassandra's symptoms are consistent with what others have experienced with similar low blood pressures.

(AR 292). Dr. Saxena's December 18th notes include an additional complaint and apparent diagnosis of menorrhagia (AR 292). The doctor explained that plaintiff has been anemic from this condition and that anemia can make a person tired and sluggish (AR 292). Plaintiff's counsel submitted Dr. Saxena's report to the Appeals Council as evidence to contest the ALJ's evaluation of Dr. Saxena's July 8, 2008 opinion (AR 288-91).

7

Plaintiff's counsel did not specify the type of remand she seeks from the court, stating only that plaintiff seeks an award of benefits, or alternatively a remand "for further development and hearing with counsel." Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Commissioner (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

Here, plaintiff submitted new evidence that was generated after the ALJ entered his decision denying benefits. Under these circumstances, plaintiff would be seeking a sentence six remand. *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (when a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g)). Under sentence six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Plaintiff has not demonstrated good cause for failing to incorporate Dr. Saxena's December 18, 2008 progress notes in the administrative record. Plaintiff secured this additional record in attempt to prove disability and obtain relief from the Appeals Council. The sentence six

8

"good cause" requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) ( in rejecting a psychologist's report that was critical of the ALJ's decision denying benefits, the court observed that "[t]he mere fact that [the doctor] devoted a part of his report to a critique of the ALJ's opinion, which obviously could not have been done before the opinion issued, does not amount to good cause; such a rule would amount to automatic permission to supplement records with new evidence after the ALJ issues a decision in the case, which would seriously undermine the regularity of the administrative process"); *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986) ("good cause" is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability"). Accordingly, plaintiff is not entitled to a sentence six remand in this matter.

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: June 10, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).